HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE
SEATTLE AREA PLUMBING &
PIPEFITTING INDUSTRY HEALTH &
WELFARE TRUST, *et al*.,

Plaintiffs,

v.

OPTIMAL FACILITY SOLUTIONS, LLC,

Defendant.

Case No. 2:18-cv-00443-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment. Dkt. # 13. For the reasons below, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

## II. BACKGROUND

Plaintiffs are the trustees of five labor-management funds. Dkt. # 13 at 2. They jointly administer the Master Labor Agreement (MLA) between United Association Local #32 of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (Local 32) and the Mechanical Contractors Association of Western Washington (MCA). *Id.* The MLA incorporates the terms of Plaintiffs' trust agreements governing employer contributions to the funds (the "Trust Agreements"). Dkt.

ORDER – 1

# 14-1 at 12.

Employers are bound to the terms of the MLA by a compliance agreement. Dkt. # 13; Dkt. # 14-3. Defendant Optimal Facility Solutions, LLC ("OFS") signed its compliance agreement with Plaintiffs on or around April 11, 2017. *Id.* The MLA requires all signatory employers to submit a monthly remittance report listing the following: the employees performing covered work, the covered worked performed, and the contributions owed to Plaintiffs for the hours worked. Dkt. # 14 at 3. The MLA also requires the employer's contributions to be postmarked no later than the 15th of the following month, or else hand delivered by noon on the 18th. *Id.* at 4; Dkt. # 14-2 at 11.

When an employer is delinquent on its contributions, the MLA permits Plaintiffs to assess liquidated damages of 20 percent, charge 12 percent interest, and recover any associated fees and costs. Dkt. # 14-2 at 11. Separately, most of the Trust Agreements provide for liquidated damages up to 20 percent for delinquent contributions. *See* Dkt. # 14 at 5-7. Plaintiffs' records show that OFS's contributions from May to November 2017 were delinquent (the "2017 delinquent contributions"). Dkt. # 14 at 10; Dkt. # 14-10.

On March 26, 2018, Plaintiffs sued for damages related to the 2017 delinquent contributions as well as for other contributions that OFS failed to remit during 2017 and 2018. Dkt. # 1. After the lawsuit was filed, an audit revealed that OFS underreported hours of covered work and failed to remit $22,825.72 in contributions from April 2017 through March 2018 (the "2017 unpaid contributions"). Dkt. # 14-11. On September 25, 2018, Plaintiffs filed a motion for summary judgment on damages relating to both the delinquent and unpaid contributions. Dkt. # 13. On October 16, 2018, OFS filed a response to the motion. Dkt. # 17. On October 19, 2018, Plaintiffs filed their reply. Dkt. # 18. The motion is currently before the Court for adjudication.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

ORDER – 2

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

Despite this mandate, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the non-moving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## IV. DISCUSSION

Plaintiffs brought this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. # 13 at 7.

ORDER – 3

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the terms of a trust agreement or collective bargaining agreement. *See* 29 U.S.C. §§ 1102(a), 1103(a), 1145. The language of a written trust agreement defines the parties' rights and obligations to the extent they are consistent with ERISA. *Id.* § 1145; *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493–94 (9th Cir. 1990) (internal citations omitted). ERISA provides specific remedies for unpaid contributions, which include an award of "(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), [and] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant...." 29 U.S.C. § 1132(g)(2).

The Ninth Circuit has held that Section 1132(g)(2) is "mandatory and not discretionary." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)). To be entitled to a mandatory award under Section 1132(g)(2), however, the following conditions must be satisfied: (1) there must be unpaid contributions at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award. *See Nw. Adm'rs, Inc.*, 104 F.3d at 257; *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).

A. **2017 Unpaid Contributions**

OFS does not contest the 2017 unpaid contributions. *See* Dkt. # 17 at 6. Thus, it is undisputed that an audit revealed $22,825.72 in unremitted contributions from April 2017 to March 2018. Dkt. # 14-11. Plaintiffs also seek $3,119.22 in liquidated damages, $2,501,00 in interest, and $2,272.04 for the audit, in addition to attorney's fees and costs.

ORDER – 4

Dkt. # 13 at 6; Dkt. # 14-2 at 11; Dkt. # 15 at 52.

The Court finds Section 1132(g)(2) applies here because the contributions remained unpaid when the action was filed and because the MLA and Trust Agreements provide for the award sought. *See Idaho Plumbers*, 875 F.2d at 215. Accordingly, Plaintiffs are entitled to summary judgment on damages for the 2017 unpaid contributions.

### B. 2017 Delinquent Contributions

Aside from a $4.01 contribution shortage, the parties do not dispute that the 2017 delinquent contributions were already paid when Plaintiffs sued. Dkt. # 13 at 6; Dkt. # 17 at 3. Therefore, Section 1132(g)(2) does not apply. *Idaho Plumbers*, 875 F.2d at 217. As noted by the Ninth Circuit, however, Section 1132(g)(2) does not preempt alternative contractual remedies. *Id*. Accordingly, Plaintiffs seek damages based on the terms of the MLA and the Trust Agreements. Dkt. # 14-2 at 11. Plaintiffs claim that OFS owes $22,454.16 in liquidated damages and $863.53 in interest for the 2017 delinquent contributions. Dkt. # 13 at 9. OFS only challenges Plaintiffs' claim to liquidated damages and attorney's fees. Dkt. # 17 at 6. OFS specifically argues that the liquidated damages provisions do not meet the two-prong test as reiterated in *Parkhurst v. Armstrong Steel Erectors, Inc*., 901 F.2d 796 (9th Cir. 1990).

The Ninth Circuit applies federal common law in determining whether a liquidated damages provision is enforceable. *Id.*; *Idaho Plumbers*, 875 F.2d at 217. A liquidated damages provision is enforceable when two conditions are met: First, the harm caused by a breach must be very difficult or impossible to estimate. *Id*. Second, the amount fixed must be a reasonable forecast of just compensation for the harm caused. *Id*. The parties' intentions determine whether this second requirement is satisfied. *Id*. They must make a good faith attempt to set an amount equivalent to the damages they anticipate. *Id*. at 218.

The Court finds that Plaintiffs meet the first condition. In their briefing, Plaintiffs explain that delinquent contributions cause harms that are difficult to gauge. For example, in pursuing late payments, Plaintiffs must engage in more administrative work and may

ORDER – 5

have to draw on their funds to pay eligible employees. Dkt. # 13 at 8; Dkt. # 14. Indeed, courts in this circuit have recognized the difficulty in estimating damages caused by delinquent trust fund contributions. *See, e.g.*, *Bay Area Painters & Tapers Pension Tr. Fund v. Golden Vas Painting*, 2011 WL 6119161, at *7 (N.D. Cal. 2011) ("Here, the harm caused by the breach is difficult to estimate because Plaintiffs must perform a variety of administrative, accounting, and legal actions when delinquencies occur.").

Plaintiffs do not meet the second condition, however. There is no evidence in the record that shows the liquidated damages provisions are the product of a reasonable or good faith forecast of damages. *See Parkhurst*, 901 F.2d at 798 ("Without some indication that the liquidated damages provision is a good faith attempt to set an amount reflective of anticipated damages, we will find the provision void as a penalty."); *Carpenters Sw. Admin Corp. v. Coordinated Delivery & Installation Inc.*, 2013 WL 3872116 (C.D. Cal. Jun. 11, 2013) (finding provision for 10 percent liquidated damages to be a reasonable forecast where plaintiffs submitted a declaration averring that the average cost of collecting delinquent contributions over a thirty year period was 9.46 percent). Here, for example, the liquidated damages do not correlate with an apparent increase in administrative or other costs. *See* Dkt. # 14-10 (seeking $2,040.96 in liquidated damages for a payment delinquent by one day but $1,542.92 for a payment delinquent by 63 days). Furthermore, the documents submitted by Plaintiffs do not indicate how they came to the 20 percent figure in the first instance. *See, e.g.*, Dkt. # 14-2 at 11 (MLA provision stating only that a delinquent employer is required to pay liquidated damages in the amount of 20 percent of the contributions); Dkt. # 14-4 at 6 (trust agreement stating only that delinquent employer will be charged liquidated damages in amount of 10 percent but will be charged 20 percent if a suit is filed); Dkt. # 14-6 at 4 (same). Accordingly, the Court cannot find the liquidated damages provisions enforceable as a matter of law. *See Idaho Plumbers*, 875 F.2d at 218 (finding provision void as a penalty where liquidated damages did not amount to reasonable forecast of just competition); *Bd. of Trustees v. Udovch*, 771 F. Supp. 1044, 1049 (N.D.

ORDER – 6

Cal. 1991) (finding 10 percent figure unenforceable when it was not clear how it could represent a rational good faith forecast of extra costs caused by tardiness).

The Court, therefore, only grants summary judgment for the interest accrued on the 2017 delinquent contributions. Per the MLA and Trust Agreements, Plaintiffs are also awarded attorney's fees and costs associated with recovering those damages. OFS's request for attorney's fees is denied. *See Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1505-06 (9th Cir. 1984) (the *Hummell* considerations "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs").

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Summary Judgment. Plaintiffs are awarded $22,829.73 in unpaid contributions, $3,119.22 in liquidated damages, and $2,272.04 in audit costs. The Court also awards interest and attorney's fees for both the 2017 unpaid contributions and the 2017 delinquent contributions.

Because Plaintiffs calculated the amount of interest through October 2018, a revised accounting may now be in order. Furthermore, the Court requests a revised detailed accounting for attorney's fees relating only to the issues on which Plaintiff prevailed—that is, the damages on the 2017 unpaid contributions and the accrued interest on the 2017 delinquent contributions. Plaintiffs shall submit such information within **fourteen (14) days** of the date of this Order.

DATED this 22nd day of February, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7