HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE
SEATTLE AREA PLUMBING &
PIPEFITTING INDUSTRY HEALTH &
WELFARE TRUST, *et al.*,

Plaintiffs,

v.

OPTIMAL FACILITY SOLUTIONS, LLC,

Defendant.

Case No. 2:18-cv-00443-RAJ

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## I. INTRODUCTION

This matter comes before the Court on submissions by the parties regarding attorneys' fees, costs, and interest. Dkt. ## 23, 26. The Court awards Plaintiffs fees and costs in the amount of $16,840 and interest in the amount of $4,610.47.

## II. BACKGROUND

Plaintiffs are the trustees of five labor-management funds. Dkt. # 13 at 2. They jointly administer the Master Labor Agreement (MLA) between United Association Local #32 of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the

ORDER – 1

United States and Canada (Local 32) and the Mechanical Contractors Association of Western Washington (MCA). Id. The MLA incorporates the terms of Plaintiffs' trust agreements governing employer contributions to the funds (the "Trust Agreements"). Dkt. # 14-1 at 12.

Employers are bound to the terms of the MLA by a compliance agreement. Dkt. # 13; Dkt. # 14-3. Defendant Optimal Facility Solutions, LLC ("OFS") signed its compliance agreement with Plaintiffs on or around April 11, 2017. Id. The MLA requires all signatory employers to submit a monthly remittance report listing the following: the employees performing covered work, the covered worked performed, and the contributions owed to Plaintiffs for the hours worked. Dkt. # 14 at 3. The MLA also requires the employer's contributions to be postmarked no later than the 15th of the following month, or else hand delivered by noon on the 18th. Id. at 4; Dkt. # 14-2 at 11.

When an employer is delinquent on its contributions, the MLA permits Plaintiffs to assess liquidated damages of 20 percent, charge 12 percent interest, and recover any associated fees and costs. Dkt. # 14-2 at 11. Separately, most of the Trust Agreements provide for liquidated damages up to 20 percent for delinquent contributions. See Dkt. # 14 at 5-7. Plaintiffs' records show that OFS's contributions from May to November 2017 were delinquent (the "2017 delinquent contributions"). Dkt. # 14 at 10; Dkt. # 14-10.

On March 26, 2018, Plaintiffs sued for damages related to the 2017 delinquent contributions as well as for other contributions that OFS failed to remit during 2017 and 2018. Dkt. # 1. After the lawsuit was filed, an audit revealed that OFS underreported hours of covered work and failed to remit $22,825.72 in contributions from April 2017 through March 2018 (the "2017 unpaid contributions"). Dkt. # 14-11. On September 25, 2018, Plaintiffs filed a motion for summary judgment on damages relating to both the delinquent and unpaid contributions. Dkt. # 13. On October 16, 2018, OFS filed a response to the motion. Dkt. # 17. On October 19, 2018, Plaintiffs filed their reply. Dkt. # 18. On February 22, 2019, the Court granted in part and denied in part Plaintiffs' motion, awarding

ORDER – 2

Plaintiff unpaid contributions in the amount of $22,829.73 and $2.272.04 in audit costs.[1] Dkt. # 22. The Court requested that Plaintiffs provide an updated accounting of interest on the unpaid contribution as well as an updated accounting of attorneys' fees. Dkt. # 22. Plaintiffs have submitted an updated accounting of interest totaling $4,610.47 and a request of attorneys' fees totaling $17,893.00. Dkt. # 23.

### III. DISCUSSION

#### A. ERISA

Section 1132(g)(2) is "mandatory and not discretionary." *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir.1984) (citations omitted). Section 1132(g)(2)(D) states that "In any action ... to enforce section 1145[ ] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant...." 29 U.S.C.A. § 1132(g)(2)(D). Defendant concedes that Plaintiffs prevailed on the issue of fees and interest, but argues that it should not pay fees related to summary judgment because it prevailed on the issue of liquidated damages. This position does not appear to be supported by the case law. *See, e.g.*, *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796 (9th Cir. 1990) (upholding award of attorneys' fees where employer argued that it did not contest its obligation to pay and liquidated damages provision was void as penalty); *Hanson v. Koller Coatings Corp., Inc.*, 2011 WL 13214284 (C.D. Cal. Apr. 4, 2011).

#### B. Lodestar Method

The Court turns to the calculation of attorneys' fees. The proper way for the Court to determine attorneys' fees and costs is by using the lodestar method. To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291,

---

[1] The Court's order erroneously awards Plaintiff liquidated damages. Dkt. # 22. However, the parties have since stipulated to dismiss Plaintiffs' claims for liquidated damages. Dkt. # 25.

ORDER – 3

1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990); *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983). The hours reasonably expended must be spent on claims having a "common core of facts and related legal theories." *Martinez v. City of Tacoma*, 81 Wash. App. 228, 242–43 (1996); *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers*, 100 Wash. 2d at 597, 600. The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the 'lodestar' and which are shown to warrant the adjustment by the party proposing it." *Id.* at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)) (emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

### i. **Reasonably Hourly Rate**

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wash. 2d at 597. In addition to the established rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Id.*; *see also Chalmers*, 796 F.2d at 1210-11. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.2011).

Plaintiffs' counsel, Noelle Dwarzski, represents that her hourly rate is $290.00. Dkt.

ORDER – 4

# 16. Given the Court's familiarity with rates in the Seattle market, and the lack of contrary evidence put forth by Defendant, the Court finds the rates charged reasonable. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (explaining that party opposing the fee application has burden of challenging the reasonableness of the hours charge or the facts asserted by the prevailing party).

### ii. Reasonableness of the Hours

The attorneys seeking fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. App. 1998). The court will "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 957 P.2d 632, 651 (Wash. 1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012). Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorneys' fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on specific activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The Court has reviewed Plaintiffs' summary of time and finds that Plaintiffs seek compensation for some hours were not adequately documented, as well as for some hours that are redundant or excessive, and adjusts the award accordingly. *See, e.g.*, *Bund v. Safeguard Properties*, 2017 WL 1613340, at *3 (W.D. Wash. Apr. 28, 2017). Line items dated June 8, 2018 and June 20, 2018 refer to research regarding "class actions." Without a more detailed description, the Court is unable to ascertain whether this work is relevant or related to the claims in this matter. Therefore, the Court will deduct 1.2 hours. Further, Plaintiffs' counsel has provided the Court with some "block" time entries, which has left the Court unable to attribute specific time spent on a particular activity on certain dates. The Court will deduct from its award a September 17, 2018 time entry for 4.0 hours. The

ORDER – 5

Court finds the remaining entries reasonable, as well as counsel voluntarily discounting approximately $2,000 from the fee request. *See* Dkt. # 24. Accordingly, the total amount of fees awarded is $16,385.

### C. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on this action and does not find it necessary to make any lodestar adjustments.

### D. Costs

Defendant seeks $455 in costs. The Court grants this request. Dkt. # 24 at 11.

## IV. CONCLUSION

For the reasons stated above, the Court awards Plaintiffs fees and costs in the amount of $16,840 and interest in the amount of $4,610.47.

Dated this the 12th day of November, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6